RECEIVED
USDC WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  12 / 5 / 13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

DARREN DEWAYNE KING

VERSUS

BILLY SMITH, ET AL.

DOCKET NO. 13-CV-2600; SEC. P

JUDGE DRELL

MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Plaintiff, Darren Dewayne King, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983.  Plaintiff is an inmate in the custody of Louisiana's Department of Corrections ("LDOC"), and he is incarcerated at Winn Correctional Center ("WNC") in Winnfield, Louisiana.  He complains that his personal property was lost or stolen following a search of his cell/locker at the Tensas Detention Center.  He names as defendants Warden Billy Smith, Captain Bass, Sgt. Neil, Sgt. Riley, and Sgt. Jackson.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on May 18, 2013, he and/or his cell was searched by officers.  He unlocked his locker for the officers, and they "threw [Plaintiff's] property around the unit."  Plaintiff was kept out of the unit, and when he returned, his brand new sweatshirts were missing.  The officers claimed that they were on Plaintiff's bed. Plaintiff alleges that Cpt. Bass and Warden Smith

told him to just forget it and that they made a mistake.  Plaintiff claims that this was a violation of his constitutional rights.

### Law and Analysis

### I.   Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2).  Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327.  A claim is factually frivolous when the facts alleged are "clearly baseless", 490 U.S. at 327, a category encompassing allegations that are "fanciful," "fantastic," and "delusional." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)(internal citations omitted).  A complaint

2

fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## II.  Lost Property

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law."  U.S. Constitution, Amendment XIV.  However, the jurisprudence makes it abundantly clear that a prisoner's claim for random deprivation of personal property is not cognizable under §1983.  In Parratt v. Taylor, 451 U.S. 527, 544 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law.  The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due.  Id., 451 U.S. at 536-37.  This is known as the "Parratt/Hudson doctrine."

Plaintiff complains that the officers stole his property or left it unsecured so that another inmate(s) could steal it.  It is well-settled that, even in instances where an intentional deprivation occurs, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated.  See Hudson v.

3

Palmer, 468 U.S. 517 (1984). Louisiana law provides Plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by the officers. Louisiana Civil Code Article 2315, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. See Charbonnet v. Lee, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205 (1992). Plaintiff's claim regarding his missing property is clearly barred by the *Parratt/Hudson* doctrine.

## III. *Search of Cell*

To the extent that Plaintiff seeks damages related to the search of his cell without cause, his claim also fails. The Supreme Court has held that random searches of inmates, individually or collectively, and their cells and lockers are valid and necessary to ensure the security of the institution and the safety of inmates and all others within its boundaries. This type of search allows prison officers flexibility and prevents inmates from anticipating, and thereby thwarting, a search for contraband. See Hudson v. Palmer, 468 U.S. 517, 529 (1984), *citing* Marrero v. Commonwealth, 222 Va. 754, 757 (1981). The Hudson Court held that prisoners have no legitimate expectation of privacy and that the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells.

4

## Conclusion

Plaintiff has presented the best case that could be presented by him under these circumstances, and further amendment of the pleadings would serve no useful purpose.  Accepting all of Plaintiff's factual allegations as true, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

## Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___ day of December, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE